UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 3:13-cv-00204-JTM-CAN |
| | ) |
| WAYNE COOPER, | ) |
| | ) |
| Defendant. | ) |

### ANSWER TO AMENDED COMPLAINT

Comes now Defendant, Wayne Cooper, by counsel, and for his Answer to Plaintiff's Amended Complaint, states as follows:

### Introduction

1. This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

ANSWER: Defendant is without knowledge to admit or deny this allegation.

2. Defendant is a persistent online infringer of Plaintiff's copyrights. Indeed, Defendant's IP address as set forth on Exhibit A was used to illegally distribute each of the copyrighted movies set forth on Exhibit B.

ANSWER: Defendant denies this allegation.

3. Plaintiff is the registered owner of the copyrights set forth on Exhibit B (the "Copyrights-in-Suit.")

ANSWER: Defendant is without knowledge as to this allegation, and therefore denies the same.

**Jurisdiction And Venue**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

ANSWER: Defendant admits this rhetorical paragraph.

5. The Defendant's acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore this Court has personal jurisdiction over the Defendant because (a) Defendant committed the tortious conduct alleged in this Complaint in this State, and (i) Defendant resides in this State and/or (ii) Defendant has engaged in substantial and not isolated business activity in this State.

ANSWER: Defendant denies the material allegations in this rhetorical paragraph; however, Defendant admits that the Court has personal jurisdiction over the Defendant.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) the Defendant resides (and therefore can be found) in this District and resides in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because each Defendant or Defendant's agent resides or may be found in this District.

ANSWER: Defendant denies the rhetorical allegations of this paragraph; however, admits that venue is proper in this Court.

**Parties**

7.	Plaintiff, Malibu Media, LLC, is a limited liability company organized and existing under the laws of the State of California and has its principal place of business located at 409 W. Olympic Blvd., Suite 501, Los Angeles, CA, 90015.

ANSWER:	Defendant is without knowledge to admit or deny the allegations contained in this rhetorical paragraph, and therefore denies the same.

8.	Wayne Cooper is an individual residing at 6 Surrey Lane, Elkhart, IN 46514.

ANSWER:	Defendant admits the allegations of this rhetorical paragraph.

**Factual Background**

*I.	Defendant Used the BitTorrent File Distribution Network To Infringe Plaintiff's Copyrights*

9.	The BitTorrent file distribution network ("BitTorrent") is one of the most common peer-to-peer file sharing venues used for distributing large amounts of data, including, but not limited to, digital movie files.

ANSWER:	Defendant is without knowledge as to the rhetorical allegations contained in this paragraph, and therefore denies the same.

10.	BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network. The methodology of BitTorrent allows users to interact directly with each other, thus avoiding the need for intermediary host websites which are subject to DMCA take down notices and potential regulatory enforcement actions.

ANSWER:	Defendant is without knowledge to admit or deny the rhetorical allegations in this paragraph, and therefore denies the same.

11. In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces called bits. Users then exchange these small bits amongst each other instead of attempting to distribute a much larger digital file.

ANSWER: Defendant is without knowledge to admit or deny the rhetorical allegations in this paragraph, and therefore denies the same.

12. After the infringer receives all of the bits of a digital media file, the infringer's BitTorrent client software reassembles the bits so that the file may be opened and utilized.

ANSWER: Defendant is without knowledge to admit or deny the rhetorical allegations in this paragraph, and therefore denies the same.

13. Each bit of a BitTorrent file is assigned a unique cryptographic hash value.

ANSWER: Defendant is without knowledge to admit or deny the rhetorical allegations in this paragraph, and therefore denies the same.

14. The cryptographic hash value of the bit ("bit hash") acts as that bit's unique digital fingerprint. Every digital file has one single possible cryptographic hash value correlating to it. The BitTorrent protocol utilizes cryptographic hash values to ensure each bit is properly routed amongst BitTorrent users as they engage in file sharing.

ANSWER: Defendant is without knowledge to admit or deny the rhetorical allegations in this paragraph, and therefore denies the same.

15. The entirety of the digital media file also has a unique cryptographic hash value ("file hash"), which acts as a digital fingerprint identifying the digital media file (e.g. a movie). Once infringers complete downloading all bits which comprise a digital media file, the BitTorrent software uses the file hash to determine that the file is complete and accurate.

ANSWER: Defendant is without knowledge to admit or deny the rhetorical allegations in this paragraph, and therefore denies the same.

16.     Plaintiff's investigator, IPP Limited, established a direct TCP/IP connection with the Defendant's IP address as set forth on Exhibit A.

ANSWER:     Defendant denies the rhetorical allegations contained in this paragraph.

17.     IPP Limited downloaded from Defendant one or more bits of each of the digital movie files identified by the file hashes on Exhibit A.

ANSWER:     Defendant denies the rhetorical allegations contained in this paragraph.

18.     Each of the cryptographic file hashes as set forth on Exhibit A correlates to copyrighted movies owned by Plaintiff as identified on Exhibit B.

ANSWER:     Defendant denies the rhetorical allegations contained in this paragraph.

19.     IPP Limited downloaded from Defendant one of more bits of each file has listed in Exhibit A.  IPP Limited further downloaded a full copy of each file hash from the BitTorrent file distribution network and confirmed through independent calculation that the file hash matched what is listed on Exhibit A.  IPP Limited then verified that the digital media file correlating to each file hash listed on Exhibit A contained a copy of a movie which is identical (or alternatively, strikingly similar or substantially similar) to the movie associated with that file hash on Exhibit A.  At no time did IPP Limited upload Plaintiff's copyrighted content to any other BitTorrent user.

ANSWER:     Defendant denies the rhetorical allegations contained in this paragraph.

20.     IPP Limited downloaded from Defendant one or more bits of each digital media file as identified by its hash value on Exhibit A.  The most recent TCP/IP connection between IPP and the Defendant's IP address for each file hash listed on Exhibit A is included within the column labeled Hit Date UTC.  UTC refers to Universal Time which is utilized for air traffic control as well as computer forensic purposes.

ANSWER:     Defendant denies the rhetorical allegations contained in this paragraph.

21. An overview of the Copyrights-in-Suit, including each hit date, date of first publication, registration date, and registration number issued by the United States Copyright Office is set forth on Exhibit B.

ANSWER: Defendant is without knowledge to admit or deny the rhetorical allegations in this paragraph, and therefore denies the same.

22. IPP Limited has also engaged in enhanced surveillance of other digital media files being distributed by Defendant. The results of this more intensive surveillance are outlined in Exhibit C. The Copyrights-in-Suit are solely limited to content owned by Plaintiff as outlined in Exhibit B. Exhibit C is provided for evidentiary purposes only.

ANSWER: Defendant denies the rhetorical allegations contained in this paragraph.

23. As the subscriber in control of the IP address being used to distribute Plaintiff's copyrighted movies, Defendant is the most likely infringer. Consequently, Plaintiff hereby alleges Defendant is the infringer. Plaintiff has included as Exhibit D a solicitation of exculpatory evidence in the event that Defendant chooses to deny the allegations.

ANSWER: Defendant denies the rhetorical allegations contained in this paragraph.

24. Defendant is the only person who can be identified as the infringer at this time.

ANSWER: Defendant denies the rhetorical allegations contained in this paragraph.

## Miscellaneous

25. All conditions precedent to bringing this action have occurred or been waived.

ANSWER: Defendant is without knowledge to admit or deny the allegations in this paragraph, and therefore, denies the rhetorical allegations contained in this paragraph.

26. Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

ANSWER: Defendant denies the rhetorical allegations contained in this paragraph.

## COUNT I
### Direct Infringement Against Wayne Cooper

27. The allegations contained in paragraphs 1-26 are hereby re-alleged as if fully set forth herein.

ANSWER: Defendant reincorporates its prior answers to rhetorical paragraphs 1 through 26 as if fully set forth herein.

28. Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship.

ANSWER: Defendant is without knowledge to admit or deny the rhetorical allegations in this paragraph, and therefore denies the same.

29. By using BitTorrent, Defendant copied and distributed the constituent elements of each of the original works covered by the Copyrights-in-Suit.

ANSWER: Defendant denies the rhetorical allegations contained in this paragraph.

30. Plaintiff did not authorize, permit or consent to Defendant's distribution of its works.

ANSWER: Defendant denies the rhetorical allegations contained in this paragraph.

31. As a result of the foregoing, Defendant violated Plaintiff's exclusive right to:

(A) Reproduce the works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B) Redistribute copies of the works to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C) Perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the works' images in any sequence and/or by making the sounds accompanying the works audible and transmitting said performance of the works, by means of a device or process,

to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D)     Display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the works nonsequentially and transmitting said display of the works by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

ANSWER:    Defendant denies all allegations contained in this paragraph, including sub-parts A, B, C, and D.

32.     Defendant's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

ANSWER:    Defendant denies the rhetorical allegations contained in this paragraph.

WHEREFORE, Defendant respectfully requests that the Court:

(A)     Award Defendant its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(B)     Grant Defendant any other and further relief this Court deems just and proper.

## JURY TRIAL REQUEST

Comes now Defendant, Wayne Cooper, by counsel, and requests a trial by jury in the above-captioned cause of action.

Respectfully submitted,

s/William D. Beyers
Edward F. Harney, Jr., #17365-45
William D. Beyers, #28466-49
HUME SMITH GEDDES GREEN & SIMMONS, LLP
54 Monument Circle, 4th Floor
Indianapolis, Indiana  46204
Telephone:  (317) 632-4402
Facsimile:  (317) 632-5595
eharney@humesmith.com
bbeyers@humesmith.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2013, a copy of the foregoing Answer To Amended Complaint was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, PLLC
36880 Woodward Avenue, Suite 100
Bloomfield Hills, Michigan  48304
paul@nicoletti-associates.com

s/William D. Beyers